## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE ROMERO TORRES,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>Defendant. | Case No. CV 13-0461 MWF (JCG)<br><br>**MEMORANDUM OPINION AND ORDER** |

Valerie Romero Torres ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Plaintiff contends, among other things, that the ALJ failed to consider the opinion of Plaintiff's treating physician in accordance with the Court's remand order. (*See* Joint Stip. at 7-12, 19-21.) Specifically, Plaintiff argues that the ALJ "reported in his decision that Dr. Hla Hla Yee was not a licensed doctor and he did not need to ascribe any weight to her opinion [when, in fact,] [s]he is licensed." (Joint Stip. at 7-8; *see* Administrative Record ("AR") at 393.)

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

For the reasons discussed below, the Court recommends that the Commissioner's decision denying benefits be **REVERSED** and this matter **REMANDED** for further proceedings.

### A.     The ALJ Improperly Rejected Dr. Yee's Opinion

"Under the regulations, if a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight." *Hohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (*citing* 20 C.F.R. § 404.1527(d)(2)). "[If] the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (*quoting Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). Further, even "[i]f the treating physician's medical opinion is inconsistent with other substantial evidence in the record, '[t]reating source medical opinions are still entitled to deference and must be weighted using all the factors provided in 20 C.F.R. [§ ] 404.1527.'" *Hohan*, 146 F.3d at 1202 (citations omitted).

Here, the ALJ improperly rejected Dr. Yee's opinion because he erroneously found that Dr. Yee is not a licensed physician. (*See* AR at 393.) Specifically, in his opinion, the ALJ wrote, "Dr. Yee is not a licensed physician. The Medial Board of California has no record of Dr. Yee's license to practice medicine. Therefore I give no weight to Dr. Yee's findings that the claimant has marked mental limitations." (*Id.*) The ALJ, however, is mistaken. Dr. Yee is Board Certified in Psychiatry in the State of California.[2/] (Joint Stip. at 8.) She carries a current "Physician and Surgeon

---

[2/]  The Court takes judicial notice that Dr. Yee is licenced as a matter of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("a court may take judicial notice of matters of public record") (citations omitted). The Court confirmed Dr. Yee's license on the California Department of Consumer Affairs

1  A" license, number 73644. (*Id.*) Because the ALJ incorrectly found that Dr. Yee
2  lacked medical credentials, he improperly discredited her opinion.
3    Further, the ALJ's error was not harmless. The Commissioner argues that the
4  error was, in fact, harmless because the ALJ found that Dr. Yee's opinion was
5  "inconsistent with the overall medical record" and "did not warrant controlling
6  weight." (Joint Stip. at 19, AR at 393.) However, the ALJ did not provide a
7  "specific and legitimate" reason for giving *no* weight to Dr. Yee's opinion. *See*
8  *Lester*, 81 F.3d at 830. "Adjudicators must remember that a finding that a treating
9  source medical opinion is inconsistent with the other substantial evidence in the case
10 record means only that the opinion is not entitled to 'controlling weight,' not that the
11 opinion should be rejected." *Holohan*, 246 F.3d at 1202 (citations omitted). The
12 ALJ committed reversible error by rejecting Dr. Yee's opinion in its entirety.
13 B.   Remand is Warranted
14   This Court has discretion to remand or reverse and award benefits. *McAllister*
15 *v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no
16 useful purpose would be served by further proceedings, or where the record has been
17 fully developed, it is appropriate to exercise this discretion to direct an immediate
18 award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004);
19 *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000),
20 *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be
21 resolved before a determination can be made, and it is not clear from the record that
22 the ALJ would be required to find plaintiff disabled if all the evidence were properly
23 evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211
24 F.3d at 1179-80.
25   Here, remand is recommended because, as discussed above, the ALJ failed to

---

website. *See* https://www.breeze.ca.gov/datamart/mainMenu.do (last visited Oct. 30, 2013).

3

properly evaluate Dr. Yee's opinion.[3]

### C. Recommendation

Based on the foregoing, **IT IS RECOMMENDED THAT** the District Court issue an Order:

(1) **ACCEPTING** and **ADOPTING** this Report and Recommendation;

(2) **REVERSING** the decision of the Commissioner denying benefits; and

(3) **REMANDING** the matter for further administrative action consistent with this decision.

Dated: November 6, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[3] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contention. (*See* Joint Stip. at 4-14.)